IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIKA LEYVA,

    Plaintiff,

v.

CAROLINA C. RYNDA,

    Defendant.

                                  /

No. C 10-1328 CRB

**ORDER WITHDRAWING REFERENCE TO BANKRUPTCY COURT**

      This Court is in receipt of the bankruptcy court's recommendation to withdraw the reference of this adversary proceeding. Neither party has opposed this recommendation.

      The bankruptcy court notes that 28 U.S.C. § 157(b)(5) provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending . . . ." The above-captioned suit involves a claim for defamation, which is a personal injury tort within the meaning of 28 U.S.C. § 157(b)(5).

      The suit also involves counterclaims for intentional and negligent infliction of emotional distress. While there is some disagreement as to whether such claims qualify as personal injury torts, this Court is persuaded, at least in the context of this case, that they do. Compare In re Atron Inc. of MI, 172 B.R. 541, 542-46 (Bankr. W.D. Mich. 1994) (advising that "personal injury tort" should be read narrowly to exclude non-traditional tort claims, including emotional distress claims), with In re Poole, 63 B.R. 527, 529-30 (Bankr. N.D. Ala.

1986) (concluding that "personal injury tort" includes claims for emotional distress). <u>In re Atron</u> involved a dispute in which the primary issue was race discrimination, but where the individual further alleged the infliction of emotional distress. The Court explained that the nature of the action was not that of a traditional tort, but rather involved allegations regarding the emotional consequences of a discriminatory practice. It therefore found withdrawal of the reference to be improper. This case, however, appears to be more of a standard tort case. One side alleges defamation, and the other side alleges a series of torts including negligent infliction of emotional distress, standard negligence, and invasion of privacy. Given this context, § 157(b)(5) is perfectly clear, and the reference of this adversary proceeding is hereby WITHDRAWN.

**IT IS SO ORDERED.**

Dated: April 23, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE